# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GUSSIE ARNAUD | CIVIL ACTION |
| VERSUS | NO: 09-2368 |
| ISLAND OPERATING CO. INC., ET AL. | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Exclude Testimony of Proposed Expert Robert E. Borison filed by defendants Apache Corporation, Linear Controls, Inc., and Island Operating Company, Inc. (Doc. #36) is **DENIED**.

## BACKGROUND

This matter comes before the court on a motion to exclude the testimony of plaintiff's proposed safety expert, Robert E. Borison ("Borison") filed by defendants, Apache Corporation ("Apache"), Linear Controls, Inc. ("Linear"), and Island Operating Company, Inc. ("Island Operating"). Defendants argue that Borison should be excluded because expert testimony will not help the trier of fact to determine this issues of liability in this litigation.

Plaintiff, Gussie Arnaud, was employed by DOCO Industrial Insulators, Inc. ("DOCO"). DOCO was hired to renovate a platform located in the Gulf of Mexico that was owned by Apache

and operated by Island Operating. Plaintiff worked on the renovations of the platform's living quarters, which required demolition and reconstruction of the ceiling. While plaintiff was standing on a ladder to work on the ceiling, an unexpected electrical shock caused plaintiff to fall from the ladder. Plaintiff injured his back as a result of the fall. An electrician employed by Linear had supposedly disconnected the power to the living quarters before the accident. Plaintiff filed suit alleging that his injuries resulted from the defendants' negligence. Plaintiff alleges that the defendants did not follow the proper procedures to ensure that the electricity to the living quarters was turned off.

Plaintiff hired Borison as a safety expert. Borison prepared a report that "presents findings on factors that directly caused or contributed to the injuries sustained." In his report, Borison outlines his qualifications as a marine safety expert, particularly in the area of electrical safety procedures. He describes the materials he reviewed in preparing his report, which include industry safety manuals, depositions, and accident reports. Then he describes the accident. Borison offers an opinion about the inadequacy of the electrical safety procedure on the platform, and cites the applicable safety regulations that were not followed. Finally, Borison opines that the accident was caused by failure to set up proper electrical safety procedures.

## ANALYSIS

Defendants seek to exclude Borison from testifying. Defendants argue that liability is a fact-specific inquiry that the jury can determine using common sense without expert testimony. Defendants argue that expert testimony is not necessary to aid the jury in determining who should check to ensure that electricity is off.

Plaintiff argues that Borison's testimony will help the jury to understand the specific procedures, safety standards, and regulations that govern work on platforms. Plaintiff also argues that the questions raised by the defendants go to the weight of Borison's testimony, not its admissibility, which can be handled by cross-examination.

"Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence." Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1050 (5th Cir. 1998). Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case.

"The admissibility of expert evidence generally is governed by the standard enunciated in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), which permits admission of testimony only if it is both relevant and reliable." Volger v. Blackmore, 352 F.3d 150, 155 (5th Cir. 2003). An expert's testimony is reliable if the expert "employs in the courtroom the same level of intellectual vigor that characterizes the practice of an expert in the relevant field." Id. Relevance is a question of "whether the reasoning or methodology properly can be applied to the facts in issue." Id. However, expert testimony should be excluded if the court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." Peters v. Five Star Marine Serv., 898 F.2d 448, 450 (5th Cir. 1990).

Borison's testimony is reliable and relevant. Borison provides opinions that are based upon his experience, review of the documents and depositions, and a review of professional safety manuals and publications. Also, Borison's testimony is relevant because it will assist the jury in understanding industry standards and procedures regarding electrical safety for working on platforms, which is not within the typical juror's common knowledge. Defendants' concerns regarding the weight that should be afforded to Borison's testimony can be addressed by cross-examination.

## CONCLUSION

Because Borison's testimony is reliable and relevant, and will aid the jury in understanding applicable safety standards and procedures,

**IT IS HEREBY ORDERED** that the Motion to Exclude Testimony of Proposed Expert Robert E. Borison filed by defendants Apache Corporation, Linear Controls, Inc., and Island Operating Company, Inc. (Doc. #36) is **DENIED**.

New Orleans, Louisiana, this 11th day of March, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**